UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-24694-CIV-MARTINEZ

NESTOR RAFAEL DIAZ,

      Petitioner,

v.

WARDEN, FEDERAL DETENTION CENTER
MIAMI, *et al.*,

      Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Nestor Rafael Diaz's Verified Petition for Writ of Habeas Corpus [ECF No. 1], filed on July 8, 2026, pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued immigration detention without having been afforded an individualized bond determination. (*See generally* Pet.). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* July 10, 2026 Order [ECF No. 6]). Respondents filed their Response [ECF No. 8] on July 13, 2026, to which Petitioner filed a Reply [ECF No. 10] on July 14, 2026. The Court has considered the briefing, the record, and applicable law and is otherwise fully advised. For the below reasons, the Petition is **GRANTED**.

Petitioner is a native of Venezuela who has resided in the United States for at least three years. (*See* Pet. ¶ 5). Petitioner was paroled into the country under the Venezuela Humanitarian Parole ("VHP") program in March 2023. (*See id.* ¶ 5). Although Petitioner's VHP status expired in March 2025, (*see id.*, Ex. 1, VHP Notice [ECF No. 1-1]), Petitioner applied for Temporary Protected Status in October 2023, and applied for asylum and withholding of removal in April 2025, (*see id.*, Ex. 2, TPS Notice [ECF No. 1-2]; *id.*, Ex. 3, Asylum Notice [ECF No. 1-3]). Petitioner's Temporary Protected Status remained in effect through April 2, 2025, and his asylum application remains pending. (*See* TPS Notice; Asylum Notice).

On July 31, 2025, Petitioner was detained following a car accident while residing in Lawrenceville, Georgia. (*See* Pet. ¶ 6). When he arrived at the police station for fingerprinting, however, he was arrested on outstanding warrants for robbery in Polk County and Hillsborough County. (*See id.*). Petitioner's criminal cases later were dismissed by nolle prosequi. (*See id.*, Ex. 4, Notices of Nolle Prosequi [ECF No. 1-4]). Following the dismissals, Petitioner was transferred to the custody of U.S. Immigration Customs and Enforcement ("ICE"), where he remains without bond. (*See id.* 7). At the time of filing, Petitioner was confined within this District at the Federal Detention Center Miami ("FDC"). (*See id.*).

On July 8, 2026, Petitioner filed the instant Petition, asserting violations of the Fifth Amendment Due Process Clause and the Administrative Procedure Act ("APA"). (*See generally* Pet.). Petitioner seeks his release from ICE custody or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). (*See id.* 12). Respondents argue Petitioner is subject to mandatory detention because he is an "arriving alien." (*See generally* Resp.). Respondents attempt to distinguish the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) by explaining that the petitioners in those cases were discovered in the interior of the United States rather than at the border. (*See* Resp. 7–8).

The Eleventh Circuit has made clear that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez*, 175 F.4th at 1262. The Eleventh Circuit further explained that "[t]he INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By

interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Id.* at 1276.

While Respondents are correct that Petitioner was initially detained as an arriving alien, he was then paroled into the United States and given authorization to remain. (*See* VHP Notice). Petitioner has been present in the United States for over three years and was apprehended by ICE then detained while he was in the interior of the United States—not at a border or port. (*See* Pet. ¶ 6). For that reason, § 1226(a), not § 1225(b)(2), governs his detention. *See Hernandez Alvarez*, 175 F.4th at 1262. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Petition **[ECF No. 1]** is **GRANTED**.

2.      Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **July 27, 2026. On or before July 28, 2026**, Respondents shall file a status report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

3.      The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

4.      The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 26 day of July 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:      all counsel of record

3